CLAIRE KIND et al., Plaintiffs, *v.* B. GUTTER & SONS, INC., Defendant and Third Party Plaintiff. ESTATE OF T. COHEN, INC., et al., Third Party Defendants.

City Court of the City of New York, Special Term, New York County, November 6, 1947.

*Marvin & O'Malley* for plaintiffs.

*Leo A. Greenbaum* for defendant and third party plaintiff.

*David F. Cohen* for estate of T. Cohen, Inc., third party defendant.

*Clarence K. McGuire* for J. Simpson & Co., Inc., third party defendant.

*James V. Connelly* for H. Alvin McAleenan and others, copartners trading as McAleenans', third party defendants.

CARLIN, J. It appears that the plaintiffs, Kind, are suing the defendant, B. Gutter & Sons, Inc., a dealer in the city of New York, for the recovery of certain jewelry to which plaintiffs claim ownership alleging that they were deprived thereof by theft. Under section 193-a of the Civil Practice Act, defendant brought a third party action as plaintiff against three third party defendants, pawnbrokers in New York City; for convenience, the third parties in that action shall be referred to as plaintiff and defendants. On three separate dates there were pledged to defendants three items of jewelry by one Farnsworth to whom was paid by defendants certain amounts; Farnsworth received from defendants their separate pawntickets as evidence of the pledges; later Farnsworth, on three several dates, sold to plaintiff, a duly licensed dealer in second hand or used personal property and in the purchase and sale of pawntickets in the city of New York, the pawntickets of defendants and received from Farnsworth separate bills of sale thereof; later, on separate dates, the plaintiff presented to defendants the pawntickets and redeemed the pledges by paying the amounts set forth on the pawntickets and accumulated interest; thereafter the plaintiffs, Kind, sued the defendant (third party plaintiff) for the recovery of the items of jewelry on the ground that they are entitled thereto, because of the theft from them, by burglary, of the jewelry in question. The third party action against defendants seeks to recover from them the amount paid them by the third party plaintiff in redemption of the pledges together with the amounts paid by it for the purchase of the pawntickets from Farnsworth. The good faith of the defendants in accepting the jewelry for pawn and their issuance of tickets therefor to Farnsworth, the pledgor, is not attacked in the third party complaint wherein is alleged nothing that would have put defendants on notice of the alleged defect in title of the pledgor in the chattels pawned.

It is defendant's contention that it is entitled to recover from the third party defendants in the event that the plaintiffs in the main action recover the jewelry from it on the ground that it, third party plaintiff, having redeemed the pledges without knowledge that the articles were stolen, is entitled to recover from the defendants on the theory of money had and received and unjust enrichment; to this contention the court does not accede, as to so hold would be imputing lack of good faith to defendants when they accepted the pledges and would virtually make them insurers to third party plaintiff who in purchasing the tickets from Farnsworth was misled by him and not by defendants' pledges. "If a pawnor who has no title thereto sells pawned property subject to the pawnbroker's lien, and the purchaser expends part of the purchase price in redeeming the goods, no claim will lie against the pawnbroker, if the transaction be made in good faith. *All that the pawnbroker warrants* is that the property is *the subject of the pledge*. He does not transfer any more title thereto than he himself had." (Levine on Law of Pawnbroking, Book II, § 42, p. 47; italics supplied.) When plaintiff redeemed the pledges upon presenting to defendants the several pawntickets, defendants did not warrant either the genuineness of the pledge nor title thereto in themselves; when plaintiff presented the pawntickets to defendants on the several occasions mentioned in the third party complaint, the defendants owed no greater duty to it than is set forth in section 44 of the General Business Law which reads as follows: "The holder of such memorandum or note shall be presumed to be the person entitled to redeem the pledge and the pawnbroker shall deliver such article to the person so presenting such memorandum or note on payment of principal and interest"; that fits exactly the situation as to each of the defendants in the instant case.

The plaintiff (third party) urges section B32–135.0 of the Administrative Code of the City of New York as placing the duty on the defendants of promptly notifying the police of the pledge by Farnsworth: the brief of the plaintiff states, "if the pawnbroker has been negligent in so doing, it is obvious that the failure to find out it was a stolen article at the time of redemption would be due directly to his failure of compliance with the law by the pawnbroker." A reading of that section shows by its terms that a pawnbroker is under no legal duty in the first instance to advise the police commissioner of articles pledged with him, but may be required by the police commis-

sioner to so report on blank forms furnished by said commissioner to him; the aforesaid section of the Administrative Code is impertinent to the facts alleged in the third party complaint to which, necessarily, all fair intendments must be given on these motions to dismiss. The motions by the third party defendants herein to dismiss the complaint of the defendant, as plaintiff, against them is, therefore, granted and said complaint is accordingly dismissed, with one bill of costs to the third party defendants herein. Execution is stayed for ten days after service of a copy of judgment for said costs upon the attorney for the defendant, with notice of entry.